UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION CARR,<br><br>            Petitioner,<br><br>    v.<br><br>R. HILL,<br><br>            Respondent. | No. 2:14-cv-1556 WBS CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

      Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has conducted this review.

      In his petition, petitioner asserts that the decision to deny him parole in 2012 was either based upon false evidence or simply not supported by the evidence. Petitioner has a liberty interest in parole protected by the Due Process Clause of the Fourteenth Amendment. Swarthout v. Cooke, 131 S. Ct. 859, 861-62 (2011). However, the procedural protections which must be afforded with respect to the liberty interest implicated are minimal; the "Constitution does not require more" than "an opportunity to be heard" at a parole hearing and that the potential parolee be "provided a statement of the reasons why parole was denied." Id. at 862. Petitioner has no

1

Constitutional right concerning the sufficiency of evidence upon which a denial of parole is based.

Petitioner also claims he was denied parole in violation of California law. However, an application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States, not state law. 28 U.S.C. § 2254(a).

Petitioner asserts that the fact that his co-defendant, who actually committed the killing for which petitioner was found guilty of conspiring to commit, has been paroled means the Constitution demands that petitioner be paroled as well. However the Supreme Court has held that the Constitution does not require that two persons who committed the same crime receive the same sentence. Williams v. Illinois, 399 U.S. 235, 243 (1970). In any case, under California law, whether or not a prisoner is paroled depends upon many factors, not simply a prisoner's commitment offense. Petitioner fails to show that when considering all the relevant factors, he was an equal or better candidate for parole than his co-defendant. Furthermore, a single demonstration of inequality is not enough to establish a violation of the Equal Protection Clause of the Fourteenth Amendment. McQueary v. Blodgett, 924 F.3d 829, 835 (9th Cir. 1991). Petitioner must show "systemic" discrimination, id., which he has not done.

Petitioner makes other claims in his petition, but they are essentially incomprehensible and not worthy of discussion.[1]

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's petition for writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a

---

[1] For example, petitioner suggests on page 45 his being denied parole somehow violates the Eighth Amendment, but does not provide a coherent explanation as to how.

2

certificate of appealability should issue in the event he files an appeal of the judgment in this case. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 6, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

[1] carr1556.dis